JUSTICE TRIEWEILER
dissenting in part and concurring in part.
I dissent from those parts of the majority opinion which affirmed the District Court’s exclusion of opinion testimony from Bill Mufich, and the District Court’s refusal to affirmatively instruct the jury on the defendants’ duty to plaintiff.
*100 As submitted to the jury, plaintiff’s claim against defendants was based solely on his contention that he was terminated from employment with the Butte Water Company in violation of § 35-1-411, MCA (1985). That statute permitted his removal only when it was in the best interests of the corporation.
Prior to Dennis Washington’s purchase of the Butte Water Company, Mufich served as a director and was familiar with both the company’s needs and Mannix’s ability to serve those needs as president. Therefore, he had knowledge based on his personal observations which was directly relevant to the issue of whether Mannix’s removal would serve the best interests of the corporation. His opinion was admissible pursuant to Rule 701, M.R.Evid., which provides:
If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness’ testimony or the determination of a fact in issue.
The majority disposes of Mufich’s proffered testimony on the basis that he was not a member of the board at the time that Mannix was terminated, and therefore, was not in a position to state whether “in their judgment” it was in the corporation’s best interest to terminate Mannix. That conclusion misses the point.
No one other than the directors who worked for Washington can testify regarding their judgment. Obviously, these people who worked for and owed their livelihood to Washington would never admit that they acted for reasons other than the best interests of the Butte Water Company. Does that mean that Mannix should be precluded from offering objective evidence from which the jury could infer that Washington’s agents acted for reasons other than those they stated? Obviously not.
Mufich was a member of the Butte Water Company’s board of directors the day before it was purchased by Washington. The nature of the water company’s operation, and therefore, its best interests, did not change one day later because its stock was purchased and new directors were appointed by the purchaser. Mufich was as qualified to express an opinion about the corporation’s best interests the day after Washington’s purchase as he was the day before the purchase took place. To hold otherwise leaves the proof of the crucial issue in this case within the exclusive control of the people accused of ignoring the company’s best interest to serve the retaliatory interest of its *101 purchaser. That seems to me like an odd way to arrive at the truth in this case.
Presumably, the best interests of the Butte Water Company did not change overnight because of a change in the personnel who served as its directors. Mufich had relevant information based on his personal observations and experiences regarding the best interests of the corporation. The jury should have been allowed to hear his opinion and then infer whether, in the judgment of the new directors, Man-nix’s termination was in the best interest of the Butte Water Company, or simply served Washington’s interest in retaliation.
The ruling of the District Court excluding Mufich’s testimony, and the decision of the majority to affirm that ruling, are especially unfair and confusing in light of the following testimony which was solicited from and given by Washington’s current director, Dorn Parkinson:
Q. [by attorney MacDonald] Mr. Parkinson, you have testified that Mr. Mannix confirmed that he thought the transaction was [an] immoral and unethical transaction. Based upon that confirmation, did you have an opinion as to whether or not, it was in the best interest of the Butte Water Company to retain him as president? Mr. Morrison: Objection. It calls for a conclusion of the witness, invades the province of the jury.
The Court: I think he has already answered the question. It is repetitious. I think you have already asked that type of question Mr. MacDonald.
Mr. MacDonald: (continuing) Might I, I don’t have a specific recollection of every question that I have asked. So, I try this, and you may have the same objection. With regard to the fact that you and Mr. Mannix had the conversation where you characterized what had happened as a fundamental difference in business philosophies. Did you have an opinion as to whether or not it would be appropriate to retain a president that had such differences or, at least, seemed to acknowledge that such differences existed as the president of the Butte Water Company?
A. No, in my opinion it would not be appropriate. If in fact you had a situation where you have a difference of opinion of how, and what kind of relationship you should have between the president and the directors that you have an unacceptable situation and correction needs to be taken.
*102 Q. What was your judgment as the person, authorized by the Board of Directors with regard to retaining Mr. Mannix at the conclusion of the meeting on the 20th?
A. It was my opinion that it was not in the best interest of the Water Co. to retain Mr. Mannix. And as I testified earlier there were several things where I questioned his judgment, but those were not fatal flaws, I think those were situations that we could probably work with him in the future. Better educate him, develop a better relationship with the Board. So we wouldn’t run into some of those difficulties. But I saw no way that we could that day, tomorrow or the next day or a year from there be able to change his fundamental belief that this transaction itself was immoral and therefore the people who participated in it, were probably immoral and he in his sole discretion was going to determine what was right. He just seemed to have this feeling that he was the only one, and the best one, to make those kinds of determinations for the Butte Water Co. I didn’t see how you could sit down and work with somebody and retrain or re-educate or change such basic fundamental philosophies.
Because Mufich’s testimony was excluded and Parkinson’s testimony was admitted, Mannix was denied any opportunity to prove through anyone familiar with the corporation that his termination was not in the company’s best interest, while defendants were allowed to prove through people who owed their livelihood to Washington that Mannix’s termination was in the corporation’s best interests.
For these reasons, I conclude that Mufich’s opinion testimony was admissible under Rule 701, the District Court erred by excluding it, and that error affected substantial rights of Mannix.
I conclude that it was also error for the District Court to reject Mannix’s proposed Jury Instruction No. 22. As submitted to the jury, Mannix’s claim was based solely upon his employer’s obligation to act in the company’s best interests. However, nowhere in the entire set of jury instructions that were submitted to the jury, did those instructions affirmatively state a duty on the part of the board to act in the corporation’s best interest when it terminated Mannix.
The District Court gave five separate instructions emphasizing the broad discretion given to directors of corporations when deciding personnel matters. They were as follows:
*103 INSTRUCTION NO. 13
The law of the State of Montana, pursuant to Montana Code Annotated § 35-1-411, is that any officer may be removed by the board of directors whenever in its judgment the best interests of the corporation will be served thereby.
INSTRUCTION NO. 14
The employer of an employee who occupies a sensitive managerial or confidential position has an interest in protecting its investment and running its business as it sees fit and thus has a greater ability to terminate such employee as compared to the termination of an employee whose duties do not require the exercise of broad discretion.
INSTRUCTION NO. 15
The employer is entitled to serve its own legitimate business interests; an employer must have wide latitude in deciding whom it will employ in the face of the uncertainties of the business world and the employer needs flexibility in the face of changing circumstances.
INSTRUCTION NO. 15A
You are instructed that a legitimate business reason is a reason that is neither false, whimsical, arbitrary or capricious, and it has some logical relationship to the needs of the business. In applying this definition, one must take into account the right of an employer to exercise discretion over who it will employ and keep in employment.
INSTRUCTION NO. 16
When as a matter of policy, a corporate employer in filling a sensitive managerial or confidential position, prefers to retain an employee in whom it holds great trust, to manage its investment, it should be allowed the placement of a person who conceivably holds the same business values and philosophies as the board of directors in a newly acquired business.
However, there was not one single instruction given by the District Court which affirmatively stated any duty on the part of defendants to act in accordance with § 35-1-411, MCA (1985). The jury was left to speculate about what set of facts would entitle Mannix to prevail. The majority opinion attempts to fill that void by referring to the *104 court’s Instruction No. 22. However, Instruction No. 22 did not set forth any affirmative duty on the part of defendants. It was simply another cautionary instruction advising the jury that before damages could be awarded it had to find that defendants’ conduct caused damages.
The District Court’s instructions gave the jury no basis for finding liability on the part of defendants. They gave only repeated examples of why defendants’ conduct could be excused. The instructions, when considered as a whole, did not fairly frame the issues to be resolved by the jury.
Mannix was entitled to an instruction clearly setting forth whatever duty he was owed by defendants and which formed the basis of his claim. I conclude that the District Court erred by not giving one.
I concur with the majority’s disposition of issues numbered I, II, IV, V, and VI. However, for the reasons set forth above, I would reverse the judgment of the District Court and remand for a trial in which the jury is allowed to consider all of the relevant opinion testimony and not just the opinions proffered by defendants. At the conclusion of that retrial, I would order that the jury be somehow instructed on the affirmative duty of defendants to act in accordance with the best interests of the corporation, not simply its new owner.
JUSTICE HUNT joins in the foregoing dissent and concurrence.